UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA V. WELSCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-00687-AGF |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This action is before the Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Patricia V. Welsch was not disabled, and thus not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. For the reasons set forth below, the decision of the Commissioner will be affirmed.

## BACKGROUND

The Court adopts the statement of facts set forth in Plaintiff's Statement of Uncontroverted Material Facts (ECF No. 20), as supplemented by Defendant (ECF No. 21-1). Together, these statements provide a fair description of the record before the Court. Specific facts will be discussed as needed to address the parties' arguments.

Plaintiff, who was born on January 27, 1963, filed her applications for benefits on February 14, 2019. She alleged disability beginning on November 22, 2018, due to

degenerative disc disease, osteoarthritis, headaches, chronic pain, herniated disc, bleeding ulcers, high cholesterol, anxiety, and depression,  Tr. 211.  Plaintiff's application was denied at the administrative level, and she thereafter requested a hearing before an Administrative Law Judge ("ALJ").

A telephonic hearing was held on March 19, 2021.  Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified at the hearing.  By decision dated May 5, 2021, the ALJ found that Plaintiff had the severe impairments of degenerative changes to the cervical and lumbar spine, status/post cervical fusion, carpal tunnel syndrome, knee pain, obesity, and osteoarthritis.

The ALJ concluded that none of Plaintiff's impairments or combinations of impairments met or medically equaled one of the deemed-disabling impairments listed in the Commissioner's regulations.  Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, as defined in the Commissioner's regulations, except "she can never climb ladders, ropes and scaffolds, and only occasionally climb ramps and stairs. [She] can occasionally balance, stoop, kneel, crouch and crawl, and can only frequently handle, finger and feel with her bilateral upper extremities."  Tr. 17.

In making these findings, the ALJ considered the opinion evidence of various medical professionals and providers, including agency consultant Michael O'Day, D.O. Dr. O'Day did not examine Plaintiff but, based on review of Plaintiff's medical records, issued an initial opinion and an amended opinion regarding Plaintiff's limitations on

2

behalf of the agency.  Dr. O'Day's initial opinion, dated June 25, 2019, limited Plaintiff to less than the full range of sedentary work with the ability to stand and walk for significantly less than two hours and the ability to sit for no more than four hours per day. Tr. 85.  However, Dr. O'Day amended his opinion at the request of the agency after the agency conducted a quality review[1] and also provided Dr. O'Day with updated medical records.  In his amended opinion, issued on August 20, 2019, Dr. Day still limited Plaintiff to sedentary work but indicated that Plaintiff could stand and/or walk for a total of two hours per day and sit for six hours per day.  Tr. 99.

The ALJ discussed both of Dr. Day's opinions and found that the amended opinion was persuasive as it was supported by the medical evidence and "in particular supported by the mild to moderate imaging evidence" discussed by the ALJ throughout his opinion.  TR. 20-21.

The ALJ also considered the opinion evidence of Plaintiff's treating primary care

---

[1]   As Plaintiff notes, agency records include the following note addressed to Dr. O'Day on August 13, 2019:

> Hi Dr. O'Day,
>
> This is a case you previously signed. It was returned from QA as he stated the less than sed RFC was not supported by the objective findings in the file. I requested some more f/u records as I still believe this claimant would have difficulty sustaining a 40 hour work week due to her limitations of sitting for more than 6 hours even with normal breaks. She has had nerve blocks and radiofrequency that have failed. I noted the two most previous office visits on the RFC. Please review, edit and sign.

Tr. 663.

physician, Peter Montgomery, M.D., who opined that Plaintiff could only stand or sit for 15 minutes at a time, could only lift five pounds frequently, and could only work for one hour per day.   The ALJ found that Dr. Montgomery's opinion was only partially persuasive because it was based in part on Plaintiff's subjective complaints, which the ALJ did not find fully credible; it was inconsistent with Dr. Montgomery's own treatment records indicating that Plaintiff was alert, well-appearing, and in no distress; had normal pulses and no edema, joint tenderness, deformity, or swelling; had a neurological examination indicating no focal findings or movement disorder; and had a lumbar MRI that revealed only "very minor degenerative disc disease and secondary degenerative change, but no disc herniation or stenosis at any level."   Tr. 21.   Further, the ALJ found that Dr. Montgomery's opinion was inconsistent with treatment records of Plaintiff's other providers, including her rheumatologist who noted in September of 2020 that Plaintiff reported symptom improvement and reported that she (Plaintiff) was walking approximately three blocks after dinner every day.

Next, relying on the VE's testimony regarding a hypothetical person with Plaintiff's RFC and vocational factors (age, education, work experience), the ALJ found that Plaintiff remained able to perform her past relevant work as a quality control supervisor and purchasing clerk, both as Plaintiff actually performed those jobs and as they are generally performed in the national economy.   Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act.

Plaintiff thereafter filed a timely request for review by the Appeals Council, which

was denied on May 24, 2022. Plaintiff has thus exhausted all administrative remedies, and the ALJ's decision stands as the final agency action now under review.

In her brief before this Court, Plaintiff argues that the ALJ erred by improperly assessing the opinion evidence of the above-noted medical professionals, and by improperly evaluating the credibility of Plaintiff's subjective testimony. Plaintiff asks that the ALJ's decision be reversed and that benefits be awarded or the case be remanded for further proceedings.

## DISCUSSION

**Standard of Review and Statutory Framework**

In reviewing the denial of Social Security disability benefits, a court must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

A reviewing court "must consider evidence that both supports and detracts from the ALJ's decision. If, after review, [the court finds] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the decision of the Commissioner." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (citations omitted). Put another way, a court should

"disturb the ALJ's decision only if it falls outside the available zone of choice." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (citation omitted). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. *Id.*

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has promulgated regulations, found at 20 C.F.R. § 404.1520, establishing a five-step sequential evaluation process to determine disability. The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If not, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments. A severe impairment is one which significantly limits a person's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c).

If the impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's impairment meets or is medically equal to one of the deemed-disabling impairments listed in the Commissioner's regulations. If not, the Commissioner asks at step four whether the claimant has the RFC to perform his past relevant work. If the claimant cannot perform his past relevant work, the burden of proof shifts at step five to the Commissioner to demonstrate that the claimant retains the RFC to perform work that is

6

available in the national economy and that is consistent with the claimant's vocational factors – age, education, and work experience. *See, e.g.*, *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). But even though the burden of production shifts to the Commissioner at step five, the burden of persuasion to prove disability remains on the claimant. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

**Evaluation of Opinion Evidence and Plaintiff's Credibility**

Under the recently revised regulations, "treating physicians are no longer entitled to special deference." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (citation omitted). Rather, the ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). "[T]he first two factors—supportability and consistency—are the most important." *Austin*, 52 F.4th at 728 (citations omitted).

Here, the ALJ adequately evaluated the persuasiveness of each medical opinion by considering the above-noted factors. Plaintiff contends that the agency's quality control review and the amendment of Dr. Day's opinion, as well as the ALJ's failure to evaluate the disabling limitations set forth in Dr. O'Day's initial opinion, "gives the appearance of an adversarial process designed to deny Plaintiff Social Security disability benefits." ECF No. 19 at 7.

7

The Court disagrees.  To the extent that Plaintiff is arguing that the ALJ or other agency officials were biased, the Eighth Circuit has held that "ALJs and other similar quasi-judicial administrative officers are presumed to be unbiased."  *Perkins v. Astrue*, 648 F.3d 892, 902–03 (8th Cir. 2011) (citation omitted).  "A claimant bears the burden of producing sufficient evidence to overcome this presumption," and the presumption is not overcome unless the claimant shows "that the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment."  *Id.* (citation omitted).  Plaintiff has not made that showing.

Rather, the quality control review and amendment of Dr. Day's opinion is consistent with the Commissioner's regulations, which provide for quality review and for revision of consultative reports upon findings of inadequacy or incompleteness.  *See, e.g.*, 20 C.F.R. § 416.919p.  Further, the ALJ discussed both Dr. Day's initial opinion and his amended opinion, the latter of which was based on Dr. Day's review of additional and more recent medical records.

Although Plaintiff is correct social security proceedings are not adversarial, *Wilcutts v. Apfel*, 143 F.3d 1134, 1138 (8th Cir. 1998), the record before the Court indicates neither bias nor an adversarial process.  Instead, the ALJ thoroughly reviewed Plaintiff's medical history, conducted an extensive hearing, and permitted Plaintiff to develop a full and fair record.

The ALJ correctly noted that Dr. O'Day's amended opinion indicating that Plaintiff was capable of a reduced range of sedentary work was consistent with the mild

8

to moderate imaging evidence during the relevant time period.   This objective medical evidence included an essentially normal MRI of Plaintiff's thoracic spine, only very minor degenerative disc disease and no herniation at any level revealed in an MRI of Plaintiff's lumbar spine, and an unremarkable MRI of Plaintiff's pelvis in which it was also reported that there was "[n]o explanation for the patient's symptoms."   Tr. 18-20.  The ALJ also relied on this essentially normal imaging evidence, along with other medical evidence, to discount Dr. Montgomery's more extreme opinion that, for example, Plaintiff could not stand or sit for more than 15 minutes at a time.

But contrary to Plaintiff's assertion, the ALJ did not rely solely on the objective medical evidence to discount Dr. Montgomery's opinion or to discount Plaintiff's subjective complaints of disabling pain.   Rather, the ALJ specifically held that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms but that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record.   Tr. 18.   The ALJ proceeded to apply the correct standard for evaluating both the medical opinions and the credibility of Plaintiff's subjective complaints of pain.   *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (noting factors relevant to evaluation of credibility, including "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions").

9

Specifically, in addition to the mild imaging findings, the ALJ considered and discussed Plaintiff's testimony and descriptions of her daily activities, including grocery shopping, driving, laundry, cooking, dusting, washing dishes, personal care, and feeding her dog, which included lifting a three-and-a-half-pound bag of dog food. Tr. 18-20. The ALJ also considered Plaintiff's statement to her rheumatologist in September of 2020 that she was walking about three blocks after dinner every day, as well as Plaintiff's treatment records, which most often indicated that she was alert, well appearing, and in no distress; that she had normal (5/5) strength in both upper and lower extremities; and that she was receiving consistent and relatively conservative treatment. In short, the ALJ thoroughly analyzed the inconsistencies in the record, and his analysis is supported by the record. *See, e.g.*, *Grindley v. Kijakazi*, 9 F.4th 622, 630-31 (8th Cir. 2021) (holding that the courts "normally defer to an ALJ's credibility determination" and that an "ALJ may disbelieve subjective testimony of pain if inconsistencies exist in the evidence as a whole").

Importantly, the ALJ did not wholly discount the limitations set forth in the medical opinion evidence or described by Plaintiff in her testimony. Rather, the ALJ carefully compared those limitations to the record as a whole and incorporated into Plaintiff's RFC those limitations that were consistent with the record. This is all the ALJ was required to do. It is not for this Court to reweigh the evidence, and reasonable minds could come to the same conclusion as the ALJ on this record.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is

**AFFIRMED**.  A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated on this 22nd day of August, 2023.